IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| SYLVESTER RICHARDSON, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:15cv00595 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ROSP MEDICAL DEPT., *et al.*, | ) | By: Norman K. Moon |
|     Defendants. | ) | United States District Judge |

Plaintiff Sylvester Richardson, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Defendants have moved to dismiss and Richardson has responded. After reviewing the record, I conclude that Richardson's complaint is untimely filed and, therefore, will grant defendants' motion to dismiss.

**I.**

Richardson alleges that he was sexually abused by one defendant during transportation to the hospital on March 4, 2011 and again by several of the defendants during a medical examination on June 14, 2012. He also alleges that unnamed "officers and staff" at Red Onion State Prison "pirated or stole" a prior civil rights action Richardson filed in this court.[1]

**II.**

For purposes of the statute of limitations, § 1983 actions are considered personal injury claims and are governed by the personal injury statute of limitations and tolling laws in the state where the alleged injury occurred. *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735 (4th Cit. 1991) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). Virginia has a two-year statute

---

[1] Specifically, Richardson cites to *Richardson v. Ray, et al.*, Civil Action No. 7:10cv78 (W.D. Va. Mar. 21, 2012) (alleging three incidents of excessive force in 2007 and 2009; defendants' motion for summary judgment granted). Richardson alleges that, in that case, "they used an inmate name[d] Baba to re[e]nact the cell extraction[, in order] to play down [Richardson's] injur[ies]… on the discovery tape . . . ." It is unclear what § 1983 claim Richardson is attempting to pursue through this allegation. Further, he fails to allege any facts against the named defendants concerning this "claim." In any event, any claim would be untimely filed.

of limitations for general, personal injury claims. Va. Code § 8.01-243(A); *Almond v. Kent*, 459 F.2d 200, 203-04 (4th Cir. 1972). Under these principles, a plaintiff bringing a civil rights action under § 1983 in Virginia must do so within two years from the time when his cause of action accrues.[2]

In this case, Richardson's § 1983 claims accrued by no later than June 14, 2012. Richardson filed this action on November 1, 2015, more than two years after the alleged causes of action accrued.[3] Accordingly, I conclude that Richardson's § 1983 claims are barred by the statute of limitations and, therefore, will dismiss Richardson's complaint as frivolous. *See Nasim v. Warden*, 64 F.3d 951, 954-55 (4th Cir. 1995) (affirming dismissal of case as frivolous where plaintiff's claims were time-barred by the statute of limitations); *Todd v. Baskerville*, 712 F.2d 70, 74 (4th Cir. 1983) (same).[4]

**ENTER**: This 17th day of January, 2017.

*/s/ Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[2] Under federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action. *See Brooks v. City of Winston Salem*, 85 F.3d 178, 181 (4th Cir. 1996); *United States v. Kubrick*, 444 U.S. 111, 122-24 (1979). An inmate's action is commenced for purposes of the statute of limitations as soon as he delivers his complaint to prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 276 (1988), *Lewis v. Richmond City Police Dep't, et al.*, 947 F.2d 733, 735 (4th Cir. 1991). In Virginia, then, if an inmate has not delivered his complaint to prison officials for mailing within the two year period following the time when he knew or had reason to know of his alleged injury, that inmate is barred by the Virginia statute of limitations from bringing suit.

[3] Richardson does not allege any valid ground for tolling the statute of limitations. Va. Code § 8.01-229.

[4] To the extent Richardson comments about the food provided to him at Red Onion State Prison, I decline to construe the allegation as a claim in this action because it is far too vague and does not allege involvement by any of the named defendants. Richardson is not precluded from raising this claim in a separate civil action after exhausting administrative remedies.